

PRYOR CASHMAN LLP

New York | Los Angeles | Miami

7 Times Square, New York, NY 10036-6569   Tel: 212-421-4100   Fax: 212-326-0806                    www.pryorcashman.com

**William L. Charron**
Partner

Direct Tel: 212-326-0156
Direct Fax: 212-798-6927
wcharron@pryorcashman.com

April 1, 2022

<u>VIA ECF</u>

Hon. Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, New York  10007

Re:   *Free Holdings Inc. v. Kevin McCoy*, Case No. 1:22-cv-00881 (LGS);
<u>Defendants' Pre-Motion Letter regarding Motion to Dismiss Complaint</u>

Dear Judge Schofield:

We represent defendant Kevin McCoy ("McCoy") in the above-referenced action.  We respectfully write pursuant to Your Honor's Individual Rule III.C.2 to advise of McCoy's intention to move to dismiss the Complaint of plaintiff Free Holdings Inc. ("Plaintiff") in its entirety, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  We understand that co-defendants Sotheby's Inc. and Nameless Corporation intend to join McCoy's motion.

We have conferred with Plaintiff's counsel and respectfully propose the following briefing schedule:  McCoy's motion to be filed by <u>April 11, 2022</u>; Plaintiff's opposition to be filed by <u>May 23, 2022</u>; McCoy's reply to be filed by <u>June 6, 2022</u>.  We also respectfully request (with Plaintiff's consent) that the Rule 16 conference scheduled for April 13, 2022, and Rule 26(f) requirements, be adjourned pending decision on McCoy's motion.

**Summary Of Complaint**

Plaintiff alleges that it holds title to a non-fungible token ("NFT"), which it describes as the "First Known NFT."  (ECF No. 1 at ¶¶ 1–7.)  Plaintiff alleges that McCoy, who is a well-known digital artist, created the First Known NFT in 2014 in association with his creation of a digital work of art known as *Quantum*.  (*Id.* at ¶ 18.)  Plaintiff alleges that McCoy created the First Known NFT using a blockchain platform known as Namecoin.  (*Id.*)  Plaintiff alleges that McCoy subsequently abandoned the First Known NFT and allowed it to be claimed by Plaintiff in 2021.  (*Id.* at ¶¶ 21–25.)  Plaintiff alleges that McCoy's sale of a NFT in the fall of 2021 through a Sotheby's auction, which marketed McCoy's NFT as the first NFT, has slandered the title and damaged the value of the NFT that Plaintiff now claims to own.  (*Id.* at ¶¶ 58–101.)  None of Plaintiff's claims is viable.



Hon. Lorna G. Schofield
April 1, 2022
Page 2

**<u>Plaintiff Fails To Allege Special Damages To Support Its First Claim</u>**

Plaintiff's First Claim is for slander of title under New York law.  (*Id.* at ¶¶ 58–73.)  Slander of title requires Plaintiff to plead special damages.  *E.g.*, *Kriger v. Indus. Rehab. Corp.*, 185 N.Y.S.2d 658, 662 (1959), *aff'd*, 166 N.E.2d 189 (1960); *Chamilia, LLC v. Pandora Jewelry, LLC*, No. 04-CV-6017 (KMK), 2007 WL 2781246, at *11 (S.D.N.Y. Sept. 24, 2007).  Courts "routinely grant motions to dismiss for failure to allege special damages with requisite specificity."  *Gucci Am., Inc. v. Duty Free Apparel, Ltd.*, 277 F. Supp. 2d 269, 278 (S.D.N.Y. 2003) (finding it insufficient to "state a general, cumulative figure" without itemizing "actual losses" sustained or naming specific lost customers); *see also* Fed. R. Civ. P. 9(g).  A plaintiff "will be denied even nominal or punitive damages if he cannot show special damage, since in such a case no cause of action at all is established."  *Kirby v. Wildenstein*, 784 F. Supp. 1112, 1116 (S.D.N.Y. 1992).

Plaintiff's pleading falls far short of this standard.  Plaintiff alleges only that "the value of the [] NFT owned by [Plaintiff] has been significantly damaged" by McCoy's sale of his NFT.  (*Id.* at ¶ 73.)  Plaintiff has not alleged any amount of actual damage.  Nor has Plaintiff alleged any specific lost sale opportunities.  To the extent that Plaintiff is alleging that is ability to sell its NFT in the future may somehow be hampered, such an allegation is insufficient as a matter of law.  *See Rosenbaum v. City of N.Y.*, 8 N.Y.3d 1, 12 (2006) (explaining that claim for slander of title "does not arise until special damages actually result").

Accordingly, Plaintiff's First Claim should be dismissed.

**<u>Plaintiff Fails To Allege Consumer-Oriented Conduct To Support Its Second Claim</u>**

Plaintiff's Second Claim is for violation of New York General Business Law ("GBL") § 349.  Such a claim requires Plaintiff to allege that McCoy engaged in deceptive conduct that was "consumer-oriented."  *E.g.*, *Genesco Entm't v. Koch*, 593 F. Supp. 743, 752 (S.D.N.Y. 1984) (explaining that "the deceptive practices this statute seeks to combat involve recurring transactions of a consumer type … that confront the average consumer who requires the protection of a statute against fraudulent practices," not a "'single shot transaction' involving complex arrangements, knowledgeable and experienced parties and large sums of money"); *Karlin v. IVF Am., Inc.*, 93 N.Y.2d 282, 294 (1999).

Plaintiff conclusorily alleges that McCoy "engaged in consumer-oriented conduct by marketing for sale and selling their [sic] NFT."  (ECF No. 1 at ¶ 75.)  Nevertheless, Plaintiff does not allege that McCoy engaged in conduct that threatens to defraud consumers generally through recurring transactions.  Plaintiff alleges a "single shot transaction" involving McCoy, Sotheby's, Nameless and Sotheby's buyer (who was initially named by Plaintiff as a co-defendant in this case as well, but whom Plaintiff voluntarily dismissed from the case to preserve diversity jurisdiction).

Accordingly, Plaintiff's Second Claim should be dismissed.

**PRYOR CASHMAN LLP**

Hon. Lorna G. Schofield
April 1, 2022
Page 3

**Plaintiff Fails To Allege Special Damages Or An Actionable
Statement Directed At Plaintiff To Support Its Third Claim**

Plaintiff's Third Claim is for commercial disparagement under New York law. (ECF No. 1 at ¶¶ 88–101.) This claim should be dismissed for at least two reasons. *First*, like a claim for slander of title, a claim for commercial disparagement requires Plaintiff to allege special damages with particularity. *E.g.*, *Eminah Properties LLC v. Energizer Holdings, Inc.*, 531 F. Supp. 3d 593, 608 (E.D.N.Y. 2021); *Dentsply Int'l Inc. v. Dental Brands for Less LLC*, No. 15 CIV. 8775 (LGS), 2016 WL 6310777, at *6 (S.D.N.Y. Oct. 27, 2016). Again, Plaintiff has failed to do so. (ECF No. 1 at ¶¶ 100-101.)

*Second*, Plaintiff is required to allege that McCoy made a disparaging statement directed "at" Plaintiff or "at" Plaintiff's NFT. *E.g.*, *North Am. Olive Oil Ass'n v. D'Avolio Inc.*, 457 F. Supp. 3d 207, 231 (E.D.N.Y. 2020). Plaintiff alleges that McCoy marketed and sold his NFT as the first NFT, but Plaintiff does not allege that McCoy made any statements that were directed at Plaintiff or Plaintiff's NFT specifically.

**All Of Plaintiff's Claims Fail For Lack Of Standing**

In addition to the grounds stated above, all three of Plaintiff's claims should be dismissed for want of subject matter jurisdiction and Article III justiciability because Plaintiff has not alleged any injury-in-fact, which is necessary for it to establish its standing to sue. *Spokeo Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citations omitted). This matter will be fully explained in McCoy's motion, but in sum Plaintiff has not actually or plausibly alleged that it holds title to the First Known NFT. Plaintiff alleges that it controls a "unique" and "sequential[ly]" distinct NFT that merely copies certain metadata from the First Known NFT. (*See* ECF No. 1 at ¶ 15.)

Because all of Plaintiff's claims proceed from the faulty premise that Plaintiff owns the First Known NFT, which is the alleged source of vague, future damages to Plaintiff (as discussed above), all of Plaintiff's claims should be dismissed for lack of standing. *E.g.*, *Doe v. Quest Diagnositcs, Inc.*, No. 15 CIV. 8992 (LGS), 2017 WL 1102663, at *2 (S.D.N.Y. Mar. 23, 2017) (granting Rule 12(b)(1) motion to dismiss and explaining that "'no principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies.'") (quotation and citation omitted).

Furthermore, because the issue of subject matter jurisdiction and justiciability is fundamental, McCoy is permitted to introduce facts concerning Plaintiff's standing that are extrinsic to Plaintiff's Complaint. *Carter v. HealthPort Techs. LLC*, 822 F.3d 47, 56 (2d Cir. 2016).

Respectfully submitted,

William L. Charron

cc: All counsel (via ECF)